homicide they attempted to cover up the crime by taking the body and placing it near the railroad tracks so as to make it appear that deceased had been struck by a train and in that way conceal their crime. The appellant's defense was that of an alibi. The state's testimony as disclosed by this record we think is sufficient to justify the jury's conclusion that defendant was guilty of the offense of murder.

It is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

in the State Penitentiary for a term of one year.

There are no bills of exception or a statement of facts in the record. Hence the only matter to be considered is the sufficiency of the indictment, which seems to us to be in due form and charges the offense for which he was convicted.

Therefore, it is ordered that the judgment of the trial court be, and the same is, in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## NETT v. STATE.
### No. 18536.

Court of Criminal Appeals of Texas.

June 17, 1936.

Florence & Florence, of Gilmer, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was convicted of the offense of assault with intent to murder, and his punishment was assessed at confinement

## JOHNSON v. STATE.
### No. 18242.

Court of Criminal Appeals of Texas.

April 29, 1936.

Rehearing Denied June 24, 1936.

